OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



December 16, 1999

The Honorable Stephen H. Smith
District Attorney
119th Judicial District
124 West Beauregard
San Angelo, Texas 76903

Opinion No. JC-0159

Re: Salary of County Court-at-Law Judge in Tom Green County (RQ-0095-JC)

Dear Mr. Smith:

Your question concerns the salary to be paid county court-at-law judges according to section 25.0005 of the Government Code. You ask whether Tom Green County, in fiscal years 1997 and 1998, was required to pay its county court-at-law judges the salary set out in subsection 25.0005(a) of the Government Code, which until October 1, 1999, required the commissioners court to set the salary "at an amount that is at least equal to the amount that is $4,000 less than the total annual salary received by a district judge in the county." Act of June 1, 1997, 75th Leg., R.S., ch. 1119, § 1, 1997 Tex. Gen. Laws 4262, 4263, *amended by* Act of May 30, 1999, 76th Leg., R.S., ch. 1572, §§ 1, 11, 1999 Tex. Sess. Law Serv. 5404, 5407 (codified at TEX. GOV'T CODE ANN. § 25.0005(a) (Vernon Supp. 2000). We conclude that subsection 25.0005(a) governed the salary in fiscal years 1997 and 1998 for county court-at-law judges in Tom Green County.

Section 25.0005 of the Government Code establishes a plan, voluntary with each county, for raising the salaries of county court-at-law judges to an amount near that earned by a district judge. *Ector County v. Hollmann*, 901 S.W.2d 687, 689 (Tex. App.–El Paso 1995, no writ). The incentive for adopting the plan is found in Government Code section 51.702, which authorizes the commissioners courts to collect additional fees through the statutory county courts. A county that chooses to collect the fees must pay county court-at-law judges the salary required by sections 25.0005(a) or (e). *See generally Hollmann*, 901 S.W.2d at 689; Tex. Att'y Gen. LO-94-048, at 3. A county opts into the plan by adopting a resolution authorizing collection of the additional fees and costs, and it remains in the plan until it rescinds its resolution. *See* TEX. GOV'T CODE ANN. § 51.702(f)-(h) (Vernon Supp. 2000). The filing fees collected under section 51.702 of the Government Code are sent to the Comptroller for deposit in the judicial fund of the state treasury. *See id.* § 21.006 (Vernon 1988) (judicial fund); *id.* § 51.702(d) (Vernon Supp. 2000). Each county that collects the additional fees and costs receives annually from the state "an amount equal to $35,000 for each statutory county court judge in the county" who does not engage in the private practice of law and who meets other statutory qualifications. *Id.* § 25.0015(a)). At the end of each fiscal year the Comptroller compares the amount of money deposited in the judicial fund under section 51.702 with the amounts paid to the counties and remits to the participating counties any excess of deposits into the fund over payments to the counties. *See id.* § 25.0016(a). The money

is paid to the county's general fund to be used "only for court-related purposes for the support of the judiciary." *Id.* § 25.0016(b).

Section 25.0005(a), prior to its amendment effective October 1, 1999, provided as follows:

> (a) A statutory county court judge, other than a statutory county court judge who engages in the private practice of law or a judge in whose court fees and costs under Section 51.702 are not collected, shall be paid a total annual salary set by the commissioners court at an amount that is at least equal to the amount that is $4,000 less than the total annual salary received by a district judge in the county. A district judge's or statutory county court judge's total annual salary includes contributions and supplements, paid by the state or a county, other than contributions received as compensation under Section 74.051 [compensation for performing duties of a presiding judge].

Act of June 1, 1997, 75th Leg., R.S., ch. 1119, § 1, 1997 Tex. Gen. Laws 4262, 4263. Section 25.0005(a) of the Government Code now requires the commissioners court to set a county court-at-law judge's salary "at an amount that is at least equal to the amount that is $1,000 less than the total annual salary received by a district judge in the county on August 31, 1999." TEX. GOV'T CODE ANN. § 25.0005(a) (Vernon Supp. 2000).

You state that neither judge in Tom Green County maintains a private practice and that the county collected the court costs and fees set out in section 51.702 of the Government Code during the years in question. *See* Letter from Honorable Stephen H. Smith, District Attorney, 119th Judicial District, to Honorable John Cornyn, Texas Attorney General (July 15, 1999) (on file with Opinion Committee) [hereinafter "Request Letter"]. Thus, the minimum salary requirement of section 25.0005(a) applied in Tom Green County in 1997 and 1998, unless the county complied with the alternative salary setting provision found in subsection 25.0005(e) of the Government Code. Prior to October 1, 1999, subsection 25.0005(e) stated that a county was not required to meet the salary requirements of subsection 25.0005(a) for a particular county court at law if:

> (1) not later than September 1 of the year in which the county initially begins collecting fees and costs under Section 51.702, the county increases the salary of each statutory county court judge in the county to an amount that is at least:
>
> (A)   $20,000 more than the salary the judge was entitled to on May 1 of that year, if the county initially begins collecting fees and costs under Section 51.702 before January 1, 1998, and is also at least $24,000 more than the salary the judge was entitled to on May 1, 1997; and

> (B)  [salary if the county initially begins collecting fees and costs on or after January 1, 1998];
>
> (2) the county maintains the salary at the minimum required by Subdivision (1);
>
> (3) the county collects the fees and costs as provided by Section 51.702;
>
> (4) [jurisdiction of court]; and
>
> (5) except as provided by Subsection (f) [county not required to pay a salary exceeding the minimum salary under Subsection (a)], the county uses at least 50 percent of the amount the county receives each state fiscal year under Section 25.0016 for salaries for the statutory county court judges.

Act of June 1, 1997, 75th Leg., R.S., ch. 1119, § 1, 1997 Tex. Gen. Laws 4262, 4263, *amended by* Act of May 1, 1997, 75th Leg., R.S., ch. 80, § 1, 1997 Tex. Gen. Laws 163 (current version at TEX. GOV'T CODE ANN. § 25.0005(e) (Vernon Supp. 2000)).  As amended, effective October 1, 1999, subsection 25.0005(e)(1) now provides that:

> not later than September 1 of the year in which the county initially begins collecting fees and costs[,] . . . the county increases the salary . . . to an amount that is at least $28,000 more than the salary the judge was entitled to on May 1 of the year the county initially begins collecting fees and costs under Section 51.702.

Act of May 30, 1999, 76th Leg., R.S., ch. 1572 § 1, 1999 Tex. Sess. Law Serv. 5404, 5405 (codified as an amendment to TEX. GOV'T CODE ANN. § 25.0005(e)).

You state that Tom Green County did not comply with the requirement in subsection 25.0005(e)(5) that the county use at least 50 percent of the amount the county receives each state fiscal year under section 25.0016 for salaries for the statutory county court judges.  *See* Request Letter.  None of the excess payments remitted to Tom Green County in fiscal years 1997 and 1998 under Government Code section 25.0016 were distributed to the judges as compensation pursuant to section 25.0005(e) of the Government Code.  *See id.*  Because Tom Green County has not complied with at least one provision of subsection 25.0005(e), the county is not within the exemption.  Accordingly, in fiscal years 1997 and 1998, subsection 25.0005(a) governed the salaries of county court judges in Tom Green County, requiring the commissioners court to set these salaries at an amount at least equal to $4,000 less than the district court judge's annual salary.  *See* Act of June 1, 1997, 75th Leg., R.S., ch. 1119, § 1, 1997 Tex. Gen. Laws 4262, 4263.

You ask whether the county may now distribute at least 50 percent of the excess contribution to the county court-at-law judges as salary for fiscal years 1997 and 1998, in order to comply with subsection 25.0005(e) for those years and remove these salaries from subsection 25.0005(a). You have submitted information showing that Tom Green County paid its county court-at-law judges $68,801 in fiscal year 1997 and $74,108 in fiscal year 1998. *See* Request letter, Attachment B. A district judge's annual salary, exclusive of supplements, in the fiscal year ending August 31, 1997, was $85,217, and in the fiscal year ending August 31, 1998, it was $92,217. *See* General Appropriations Act, 75th Leg., R.S., ch. 1452, art. IV, 1997 Tex. Gen. Laws 5535, 6016 (Judiciary Section, *Comptroller's Department); General Appropriations Act*, 74th Leg., R.S., ch. 1063, art. IV, 1995 Tex. Gen. Laws 5242, 5736 (Judiciary Section, Comptroller's Department). According to these figures, in 1997 and 1998 Tom Green County paid the county court-at-law judges less than the minimum salaries required by section 25.0005(a). You wish to know whether you may now remedy this matter by bringing the county court-at-law judge's salaries for those two years under section 25.0005(e).

Salaries of county officers and employees are set by the commissioners court in the county budget, which is prepared by the county judge "to cover all proposed expenditures of the county government for the succeeding fiscal year." TEX. LOC. GOV'T CODE ANN. §§ 111.003 (Vernon 1999) (budget prepared by county judge), 152.013 (salaries set by commissioners court); *see also* Tex. Att'y Gen. Op. No. JM-1138 (1990). Thus, the commissioners court sets the salaries of county court-at-law judges annually, for the next fiscal year. *See* TEX. LOC. GOV'T CODE ANN. §112.010 (Vernon 1999) (county fiscal year is calendar year unless commissioners court adopts different one-year period as authorized by statute). If a commissioners court wishes to pay its county court-at-law judges according to Government Code subsection 25.0005(e) the county must use "at least 50 percent of the amount the county receives each state fiscal year under Section 25.0016 for salaries for the statutory county court judges." TEX. GOV'T CODE ANN. § 25.0005(e)(5) (Vernon Supp. 2000). We believe that a county's compliance with subsection 25.0005(e) must be determined according to the actions it takes during each year in which it attempts to set the judges' salaries under that provision. Thus, the county must use for judges' salaries "at least 50 percent" of the amount received under section 25.0016 during the county fiscal year in which the salary is set under section 25.0005(e), and it may not bring a salary within that section by disbursing section 25.0016 funds after the fiscal year has come to an end. If the county could postpone from year to year its distribution of section 25.0016 receipts for these salaries, it would be virtually impossible to determine whether or not it had complied with section 25.0005(e). Moreover, the county could decide at the end of any year to rescind its authorization for the additional fees and costs collected under section 51.702, thus freeing itself from compliance with section 25.0005.

During the 1997 and 1998 fiscal years in Tom Green County none of the section 25.0016 receipts were disbursed for the judges' salaries. Accordingly, Tom Green County did not comply with the section 25.0005(e) salary-setting requirements for those years. The county court-at-law judges are entitled to receive as salary for those years the amounts required by subsection 25.0005(a) of the Government Code.

# S U M M A R Y

A county that opts to collect the court costs and fees authorized by section 51.702 of the Government Code must set salaries for its county court-at-law judges according to section 25.0005(a) of the Government Code, unless the county sets the salaries according to the requirements of subsection 25.0005(e). One requirement of subsection 25.0005(e) is that the county use for the salaries of statutory county court judges at least 50 percent of certain amounts received from the state each year. Tom Green County, which collects the fees authorized by section 51.702 of the Government Code, did not use any of the receipts from the state for the salaries of county court-at-law judges in fiscal years 1997 and 1998. The county therefore did not meet the requirements of section 25.0005(e) of the Government Code for those fiscal years. It may not now, after the close of those fiscal years, bring the salaries for those years into compliance with section 25.0005(e) of the Government Code by applying 50 percent of the receipts to salaries paid in those years. The county court-at-law judges of Tom Green County are entitled to receive as salary for fiscal years 1997 and 1998 the amounts required by subsection 25.0005(a) of the Government Code.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General - Opinion Committee